IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11264
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODERICK SHEMONE HOWARD, also known as Big Rod

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-81-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roderick Shemone Howard appeals his jury trial conviction and sentence for possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Howard was also charged with, and pled guilty to, conspiring to distribute cocaine and possession with intent to distribute heroin.

Among the several issues raised by Howard in his appeal is his contention that the evidence introduced at trial was insufficient to show that he possessed a firearm in furtherance of a drug trafficking offense rather than for purposes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of protecting his family. Howard concedes that he did not move for a judgment of acquittal in accordance with Rule 29(c) of the Federal Rules of Criminal Procedure. The appropriate standard of review is therefore that this court must restrict its sufficiency review to determining whether Howard's conviction resulted in a manifest miscarriage of justice, which results only if (1) the record is devoid of evidence pointing to guilt, or (2) the evidence on a key element of the offense is so tenuous that a conviction would be shocking. United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000).

Howard admitted during his trial that he both stored and sold drugs out of his apartment where two loaded handguns were found by police during the execution of a warrant for his arrest. He further admitted that he answered the officers' knock on his door while holding a loaded 9 mm handgun that he kept under his mattress. The evidence established that Howard also kept a second, loaded handgun on a lower shelf in a kitchen cabinet, in close proximity to heroin, cocaine, and drug paraphenalia found in plain view on his dining table. See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000). Howard has not shown that the record is devoid of evidence pointing to his guilt on the firearm charge, and he also has not shown that the evidence on a key element of that charge is so tenuous that a conviction would be shocking. Therefore, Howard's sufficiency challenge is unavailing.

Howard next argues that the district court erred by failing to rule on two objections he made to comments made by the prosecutor during closing argument. However, the record shows that the trial judge responded to Howard's objections by taking timely, corrective action to both instances of alleged prosecutorial misconduct complained of by Howard. Furthermore, the strength of the evidence of defendant's guilt on the firearm charge was considerable. Thus, Howard has not shown that the comments affected his substantial rights, or that the prosecutor's conduct contributed to the guilty

verdict. See United States v. Bermea, 30 F.3d 1539, 1563 (5th Cir. 1994); United States v. Johnston, 127 F.3d 380, 390 (5th Cir. 1997).

Howard's third argument on appeal is that the district court erred by applying § 3C1.1 of the Sentencing Guidelines to enhance his base offense level on the ground that he obstructed justice by denying that he possessed a firearm in furtherance of a drug trafficking offense. The district court's findings are plausible in light of the record as a whole, and, thus, it did not clearly err in concluding that an enhancement for obstruction of justice was warranted. See United States v. Powers, 168 F.3d 741, 752 (5th Cir. 1999); United States v. Laury, 985 F.2d 1293, 1308-1309 (5th Cir. 1993).

Howard's final argument is that the district court erred in denying him a reduction in his base offense level for the two drug charges to which he pled guilty and for which he accepted responsibility. See U.S.S.G. § 3E1.1(a). Because Howard did not admit all of the conduct relevant to his offenses, the district court's determination is not without foundation. See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.